# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MATTHEW S. DUNKLEY, BAR NO.
6627.

No. 77657

FILED

FEB 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Matthew S. Dunkley. Under the agreement, Dunkley admitted to violating RPC 1.15 (safekeeping property) and RPC 8.4 (misconduct), and agreed to a two-year suspension. Dunkley was temporarily suspended on October 3, 2017. *In re Discipline of Dunkley*, Docket No. 74079 (Order Imposing Temporary Suspension, Oct. 3, 2017).

Dunkley has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that as a result of Dunkley's gambling addiction, he misappropriated $1,060,976.94 of client funds for his personal use.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-08305

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Dunkley has admitted that he violated duties owed to his clients (safekeeping property) and the profession (misconduct). Substantial evidence supports the panel's finding that Dunkley's mental state was intentional because he acted with a conscious objective or purpose to take money that did not belong to him to fund his gambling addiction. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) (defining "intent"). Dunkley's clients were injured because they did not receive money owed to them and their lienholders were not paid. The baseline sanction before considering aggravating and mitigating circumstances is disbarment. *See id.* at Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of four aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, and vulnerability of victims) and five mitigating circumstances (absence of prior discipline, personal or emotional problems, character or reputation, mental disability (gambling addiction), and remorse).

We conclude that the agreed-upon discipline is insufficient to serve the purpose of attorney discipline. Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Hardesty

_____, J.          _____, J.
Parraguirre                                   Stiglich

_____, J.          _____, J.
Cadish                                          Silver

cc:   Chair, Southern Nevada Disciplinary Board
      Matthew S. Dunkley
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court